UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-CV-364 JD |
| | ) |
| SHERIFF, *et al*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Michael Mason filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 6, 2020 alleging the Bureau of Prisons ("BOP") miscalculated the time he has served on his 70-month federal sentence [3:20-cv-364, DE 1]. For the reasons that follow, the Court finds that the BOP's calculation of time was in error, grants Mr. Mason's petition, and orders the Attorney General, through the BOP, to recalculate Mr. Mason's term of imprisonment.

## I. BACKGROUND

Mr. Mason was charged with possession of marijuana and cocaine in Indiana state court on May 30, 2017 [Case No. 71D01-1705-F6-499]. He began his time in state custody on those charges the following day, May 31, 2017, and remained in state custody until he bonded out on July 18, 2017. *Id.* Mr. Mason spent forty-six days in state custody, not including his first and last day. Approximately two months after bonding out of state custody, Mr. Mason was arrested and taken into federal custody on a firearm possession charge on September 24, 2017.[1] He has remained in federal custody since that arrest.

---

[1] The BOP and Mr. Mason both maintain that Mr. Mason's term in federal custody begins on September 25, 2017, the day after this arrest [3:20-cv-364, DE 1-1 p. 1, 2]. The docket in Mr. Mason's federal criminal case, however, shows an arrest warrant issued on October 12, 2017 and returned executed on October 16, 2017 [3:17-cr-84, DE p. 4, 6].

Mr. Mason was subsequently sentenced in both his state and federal cases. First, Mr. Mason pled guilty to a felon in possession of a firearm charge in this Court, which sentenced him on July 30, 2018 to 70 months in the BOP [3:17-cr-84 DE 23 p. 4]. This Court declined to order that his federal sentence run concurrently with any sentences that had yet to be imposed in the still-pending state case and left it to the BOP to determine the appropriate amount of time to be credited to Mr. Mason for time served [3:17-cr-84 DE 136 p. 32, 34]. Mr. Mason was then sentenced in his state case on September 21, 2018 after pleading guilty to two counts of drug possession. The state court sentenced Mr. Mason to six months on each possession count, with the time on each count to run concurrently. The state court also granted Mr. Mason "92 days Class A credit" and ordered the executed time under the sentence as time served. [Case No. 71D01-1705-F6-499].  It appears the state court gave Mr. Mason credit for time he served while in federal custody as he only served forty-six days in the physical custody of the state.

The BOP then calculated the start and end dates of Mr. Mason's federal sentence in light of the state court sentence. The BOP determined that Mr. Mason's first actual date in federal custody was September 25, 2017, the day after both Mr. Mason and the BOP agree Mr. Mason was arrested for illegally possessing a firearm [3:20-cv-364, DE 1-1 p. 2]. It then concluded that the six-month state sentence had to be carved out of Mr. Mason's time in federal custody to prevent double counting the six months toward both the state and federal sentences in violation of 18 U.S.C. § 3585(b). That meant that instead of starting his federal sentence on his actual start date in federal custody of September 25, 2017, the BOP started Mr. Mason's federal sentence six months later, on March 24, 2018. *Id.* Mr. Mason argues the BOP's calculation took more time from his federal sentence to satisfy his state sentence than was necessary [3:20-cv-364, DE 9 p. 5].

2

## II.     JURISDICTIONAL CONSIDERATIONS

Before proceeding to the BOP's calculation and the merits of Mr. Mason's arguments, there are potential jurisdictional and venue issues to be addressed. Section 2241 directs that a district court considering a petition for a writ of habeas corpus must have jurisdiction over the custodian of the petitioner to properly hear the case. *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Whether the court has jurisdiction over the custodian is determined at the time the petition is filed and a court will maintain jurisdiction over a § 2241 petition even if the petitioner is later transferred outside the court's boundaries.[2] *Ross*, 536 F.2d at 1201-02. The term "jurisdiction" in § 2241 concerns "venue and personal jurisdiction, rather than subject-matter jurisdiction, and hence may be waived or forfeited by the respondent." *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) (citing *Moore v. Olson*, 368 F.3d 757, 759-60 (7th Cir. 2004)).

Mr. Mason filed his petition while he was being held in the St. Joseph County Jail, in the South Bend Division of the Northern District of Indiana, and named his custodian at the time, the jail's warden. Because the Seventh Circuit requires that requests for sentence credit or for recalculations of time yet to be served are presented to the United States Attorney General or BOP, and service on the warden of the St. Joseph County Jail does not meet that requirement, this Court, pursuant to Federal Rule of Civil Procedure 21, added the United States Attorney General as a respondent in the case [3:20-cv-364, DE 12]. *See United States v. Earls*, 755 F. App'x 581, 582 (7th Cir. 2019) (quoting *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir.

---

[2] Mr. Mason is currently being held in federal custody at the United States Penitentiary, Thomson in Thomson, Illinois [DE 26].

2000)); *see also Brown v. Ashcroft*, 41 F. App'x 873, 873 n.1 (7th Cir. 2002). The United States Attorney General's response to Mr. Mason's petition, [3:20-cv-364, DE 28], did not raise any jurisdictional arguments under § 2241 and thus any potential disputes as to § 2241 jurisdiction have been waived. *See Harris*, 425 F.3d at 388.

Finally, a petitioner under § 2241 must first exhaust his administrative remedies before bringing an action in district court. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The government has acknowledged that Mr. Mason has exhausted his administrative remedies [3:20-cv-364, DE 28 p. 4]. Having dispensed with potential jurisdictional issues and the need to have exhausted administrative remedies, the Court can proceed to consider the merits of Mr. Mason's petition.

### III.   DISCUSSION

The crux of Mr. Mason's argument is that the BOP miscalculated the true number of days he served to satisfy his state sentence when it delayed the start of his federal time by six months. The Court agrees and finds that the BOP should only have applied forty-six days of Mr. Mason's time in federal custody to his state sentence instead of the full six months.

After a district court sentences an individual, the Attorney General, through the BOP, computes and administers the sentence using 18 U.S.C. § 3585 as a guide. *U.S. v. Wilson*, 503 U.S. 329, 334-35 (1992). Under § 3585, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute allows an individual to receive credit toward the service of his term of imprisonment "for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after commission of the offense

for which the sentence was imposed." 18 U.S.C. § 3585(b). Importantly, the statute does not allow for double credit, meaning credit given for time spent in official detention that has already been credited against another sentence. *Id.* ("A defendant shall be given credit toward the service of a term of imprisonment . . . that has not been credited against another sentence."). When a sentence is silent as to how it relates to a previously imposed sentence in another case with the same defendant, it is presumed that the new sentence runs consecutively with the prior sentence. *See* 18 U.S.C. §3584(a) ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); *Romandine*, 206 F.3d at 738 ("the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases").

Indiana's rules for calculating sentences and time served are based on the "class" for which the individual being sentenced qualifies. Under Indiana statute, an individual who is assigned to Class A for credit purposes "earns one day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1. That means for example, that someone assigned to Class A for an Indiana sentence who serves 30 days in custody receives a total of 60 days (30 days x 2) credited to his state sentence. Like § 3585, Indiana statute allows an individual to receive credit toward his ultimate sentence for time served in state custody after his arrest and before his sentence. *See* Ind. Code § 35-50-6-4; *Brown v. State*, 907 N.E.2d 591, 595-96 (Ind. Ct. App. 2009); *Bond v. State*, 403 N.E.2d 812, 819 (Ind. Ct. App. 1980) ("defendant is entitled to credit for time served subsequent to his arrest").

There are four relevant events the BOP had to consider when calculating the dates for Mr. Mason's federal sentence. First, Mr. Mason was arrested in May 2017 on state drug possession

5

charges and spent forty-six days in state custody before bonding out in July 2017. [Case No. 71D01-1705-F6-499]. Second, Mr. Mason was arrested on a federal firearm charge in September 2017 and has been in federal custody since that time [3:20-cv-364, DE 1-1 p. 1, 2]. Third, this Court sentenced Mr. Mason to 70 months incarceration in July 2018 after his guilty plea to the federal charge [3:17-cr-84, DE 23 p. 4]. And fourth, the state court sentenced Mr. Mason in September 2018 to six months incarceration on each of the two drug possession counts to run concurrently but granted Mr. Mason 92 days Class A credit (forty-six days served in state custody between May 31, 2017 and July 18, 2017 as well as forty-six days while in federal custody) that satisfied the six months as time already served [Case No. 71D01-1705-F6-499]. Based on this information, and citing §3585(b)'s prohibition on double credit, the BOP carved six months out of Mr. Mason's time in federal custody to account for the six-month state court sentence of time served, reasoning that the state court was giving Mr. Mason credit for six of Mr. Mason's months in federal custody [3:20-cv-364, DE 1-1, p. 2]. The state court sentence does not specify how it arrived at the 92 days credit or whether it intended its sentence to run consecutively or concurrently with the already imposed federal sentence. The lack of specificity about the state sentence's relation to the federal sentence means it is presumed to run consecutively with the federal sentence. *See* 18 U.S.C. §3584(a); *Romandine*, 206 F.3d at 738.

The first of two errors the BOP made was its failure to account for the way in which Indiana courts determine applicable credit. The state court granted Mr. Mason 92 days Class A credit as part of his sentence. Under Indiana law, the 92 days Class A credit for time actually served corresponds to 184 days of time served toward completing the sentence. *See* Ind. Code § 35-50-6-3.1 (allowing one day of credit for every actual day served when the individual is placed into Class A). That 184 days is roughly the equivalent of a six-month sentence, meaning, under

6

Indiana statute, Mr. Mason had satisfied his six-month state sentence by serving the credited 92 actual days in custody. Thus, Mr. Mason argues, the BOP improperly took six months of actual time served from his federal sentence when in reality the state court only recognized roughly three months of actual time served in its sentence [3:20-cv-364, DE 1-1 p. 1]. The Attorney General does not substantively respond to Mr. Mason's argument on this point, only submitting to the Court without further explanation that "[t]he BOP appears to have properly applied the six months' prison sentence imposed in the state court case to Mason's [federal] incarceration," and that "[t]here is no error in the BOP's calculation" [3:20-cv-364, DE 28 p. 4]. There is an error, however, because it appears the BOP, and the Attorney General, did not account for Indiana's crediting system when making its calculation.

The second error the BOP made was assuming the state court based its time served sentence only on Mr. Mason's time in federal custody. As the Attorney General admits in the factual background section of his filing, Mr. Mason was arrested and held on the state possession charges before later being arrested on the federal charges [3:20-cv-364, DE 28 p. 1]. Mr. Mason spent forty-six full days in state custody on those state charges prior to bonding out. And while those forty-six days cannot count as time in custody for purposes of credit toward Mr. Mason's federal sentence because they occurred before the arrest on the federal charge, *see* §3585(b), they can be used to give credit toward the state sentence, *see* Ind. Code § 35-50-6-4; *Bond*, 403 N.E.2d at 819. The Attorney General and BOP never account for the forty-six days of state custody or explain why they were not considered in the calculation. Instead, the Attorney General has only given the same unsupported argument that "there is no error in the BOP's calculation" [3:20-cv-364, DE 28 p. 4]. Applying the forty-six days Mr. Mason spent in state custody to the state sentence leaves Mr. Mason with only an additional forty-six days he had to

serve to reach the 92 days he was credited with having in state court. If the BOP does what it originally did by carving what it sees as unaccounted for days in Mr. Mason's state sentence out of his time in federal custody to avoid violating § 3585(b), it would come to a new start date for Mr. Mason's federal sentence of November 10, 2017, forty-six days after his original start date of September 25, 2017. Mr. Mason is entitled to such a recalculation to fix the BOP's errors in its original calculation and ensure he is properly credited for the time he has spent in custody in light of his two sentences.

## IV.   CONCLUSION

The remedy for the BOP's error is a recalculation of the term of Mr. Mason's imprisonment for his federal sentence. Mr. Mason's petition for a writ of habeas corpus is GRANTED and the Attorney General, through the BOP, is ORDERED to recalculate Mr. Mason's term of imprisonment in a manner consistent with this opinion. The Clerk is instructed to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED:  November 6, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court